LOAGUE & FISHER *v.* CITY OF MEMPHIS.

RENT. *Gratuitous lease.* Rent cannot be demanded for the use of prem-
ises under a gratuitous license.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby
county.   C. W. HEISKELL, J.

W. M. RANDOLPH for Loague.

———— for City of Memphis.

COOPER, J., delivered the opinion of the court.

Action for the use and occupation of a lot from
August, 1872, to December, 1875, commenced May
31, 1877.   The jury found a verdict for defendant,
and plaintiffs appealed in error.

The plaintiff Loague proved that he and Fisher
owned a lot adjoining one rented from them by the
city of Memphis as a station house; that in August,
1872, one of the police captains asked him if he had
any objection to the city building a stable on the lot
for the use of the police force, and he replied that
he had not; that the city did build a stable, which
was used until September 30th, and removed about
the end of December, 1875; that he never made any
claim on the city for rent until June, 1876, for the
reason that it was leasehold property, and he did not

know whether he would have to pay rent or not; that when it was determined by litigation that he had to pay rent, he demanded rent; that he made out and presented his account for the first time in June, 1876. He collected rent regularly on the station house. The police captain testified that he applied to Loague to know if he had any objection to the building of a stable on the lot for the use of himself and another sergeant for keeping their horses, and Loague replied he had not; that the city, at the instance of witness, built the stable, and the stable was used for the horses of the officers of the police while they occupied the station house. The horses were the private property of the officers. Not a word was said about rent then or afterwards.

The court charged the jury that if they found from the evidence that plaintiff did not intend to charge for the use and occupation of the lot, their verdict should be for defendant; but if they found that he did intend to charge, then they should return a verdict for the plaintiff for what the premises were reasonably worth. The plaintiff asked the judge to charge: "If one party uses the property of another, with or without license, the law implies a contract to pay a fair price for the use and occupation thereof." The judge refused so to charge, and his refusal is assigned as error.

Nothing, however, can be clearer than that a person cannot demand compensation for what was at the time intended as a gratuitous license. No doubt, a contract need not be express but may be implied;

and, as argued by the counsel of the plaintiffs, that the law would imply a contract to pay rent from the mere fact of occupation whenever the relation of landlord and tenant exists by agreement express or implied. It was for the jury to say whether there was an agreement or a license without intent to charge. A voluntary donation cannot be turned into a debt. There was evidence to sustain the verdict.

Affirm the judgment.